UNITED STATES *v.* PENNSYLVANIA CO., ETC., Ex'r.[1]

*(District Court, E. D. Pennsylvania.* April 30, 1886.)

1. TAXATION— LEGACY AND SUCCESSION TAXES—ACT OF CONGRESS OF JUNE 30, 1864.

While the act of congress of June 30, 1864, relating to legacy and succession taxes, subjected the property of a decedent to lien, it created no personal liability on the part of the legatee.

2. SAME—ACT OF JULY 13, 1866.

The act of congress of July 13, 1866, imposes no liability upon the person having the property in charge until there has been a neglect or refusal to pay, after demand.

Trespass on the Case.

The jury found the following special verdict, April 20, 1886:

"That Willamina E. Smith died domiciled in the city of Philadelphia, in the month of July, 1864, leaving a last will, by which she provided that there should be paid to her nephew, G. Wymberly Jones, afterwards known as G. W. J. De Renne, for his own use, the sum of $2,000; and to Jane Gray the sum of $100; and that all her residuary estate, real and personal, should be held by her executor in trust during the respective life-times of her brother, George Washington Smith, and her sister, Juliana Smith, to pay over a moiety of the net income thereof to each, and in trust, upon the decease of each, to pay over the principal of a moiety to his and her issue, if any should then be living, or if there should then be none, to pay over the same to her nephew, G. Wymberly Jones, if he should then be living, and if he should not, to his children, or failing these, to charities; that Juliana Smith died without issue in the year 1867, and George W. Smith died without issue in the year 1876. George W. J. De Renne survived the latter.

"That the personal property of which the testatrix died possessed was worth $32,435.95. She also died seized of real estate in the city of Philadelphia valued at $5,000; of real estate in Mifflin county, Pennsylvania, valued at $1,111.10; and of real estate in Blair county, Pennsylvania, valued at $300.

"That the testatrix appointed as the executor of her will, her brother, George Washington Smith, and her nephew, George W. J. De Renne; that on the twentieth of July, 1864, letters testamentary on the said estate were granted by the register of wills of Philadelphia county to George W. Smith, who acted as sole executor until his decease, in the year 1876.

"Upon the decease of Juliana Smith, George W. J. De Renne became entitled to a moiety of the personal estate, viz., $16,624.75, which was paid over to him on the first day of November, 1869, by the said executor. A moiety of the real estate also vested in him in fee. Letters testamentary upon the decease of the said Smith were granted by said register of wills to said De Renne on the twenty-sixth day of May, 1876. On the first day of August, 1876, as such executor, he paid to himself the remaining moiety of said estate.

"That the said George W. J. De Renne died in the month of August, 1880. Letters testamentary upon his estate were granted to the Pennsylvania Company for Insurance on Lives and Granting Annuities, to whom letters of administration *de bonis non cum testamento annexo* upon the estate of the said Willamina E. Smith were also granted by said register on the twelfth day of May, 1881.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

"That the said George W. J. De Renne filed his account, showing the distribution of said estate, in the office of said register of wills, on the sixteenth day of November, 1876. Said account was finally confirmed by the orphans' court of said county on the seventeenth day of October, 1877.

"That no tax was ever paid to the United States on any portion of said estate.

"That the jury are ignorant in point of law on which side they ought, upon these facts, to find a verdict.

"That if the court should be of opinion that the defendant is liable for a tax of two per centum upon the legacy of $2,000 to George W. J. De Renne, then they find for the United States for the sum of $40.

"That if the court should be of opinion that the defendant is liable for a tax of six per centum on the legacy of $100 to Jane Gray, then they find for the United States in the additional sum of $6.

"That if the court should be of opinion that the said defendant is liable for a tax of two per centum on the legacy of $16,625, paid to George W. J. De Renne in 1867, then they find for the United States in the additional sum of $332.50.

"That if the court should be of opinion that the defendant is liable for the tax of one per centum on the life-interest of George W. Smith in the sum of $22,284, then they find for the United States in the additional sum of $222.84, making in all the sum of $601.34.

"But if the court be of the opinion that the defendant is not liable in any amount, then they find for the defendant."

*John K. Valentine,* for the United States.

*John G. Johnson,* for defendant.

BUTLER, J. This suit is against the defendant as legal representative of George W. J. De Renne, a legatee under the will of Willamina E. Smith, deceased, who died in Philadelphia, July, 1864. On the facts found by the jury the defendant is entitled to judgment. The statute of 1864, as well as that of 1862, relating to legacy and succession taxes, subjected the property of decedents to lien as therein provided, and specified very particularly the method of enforcing payment. It did not, however, create a personal liability on the part of the legatee. If the act of 1866 is invoked by plaintiff, it is sufficient to say that this act makes the liability of the person having the property in charge, upon a neglect or refusal to pay *"after demand."* The verdict does not show such demand. Whether the statute is applicable, to the legacy and succession taxes need not therefore be considered.